UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                              |
|------------------------------|---|------------------------------|
| CHEVONNE SIUPA,              | ) |                              |
| Plaintiff,                   | ) |                              |
| v.                           | ) | Civil Action No. 10-10525-LTS |
| ASTRA TECH, INC., et al.,    | ) |                              |
| Defendants.                  | ) |                              |

ORDER RESCHEDULING HEARING TO SHOW CAUSE

October 19, 2011

SOROKIN, M.J.

On September 19, 2011, this Court ordered Plaintiff's counsel and Plaintiff to appear for a hearing to show cause why this case should not be dismissed for failure to prosecute and as a sanction. Docket #26. Subsequently, Plaintiff requested the Court to reset the date of the hearing in light of a medical procedure her doctor performed which request was supported by a written note from her doctor. Accordingly, the Court reset the hearing to October 21st and then October 24th. See Docket Nos. 29, 30, 32 and Electronic Orders dated September 30, 2011. In an October 12, 2011, letter to the Court, Plainitff reports: (1) (as she did in earlier correspondence) that she was unaware of her counsel's conduct of the litigation; (2) that her counsel suffered a "severe stroke" over the Columbus Day weekend resulting in his hospitalization; and (3) that she has consulted with possible new counsel but each decline to take the case given its present posture. Accordingly, Plaintiff requests that the Court "dismiss [her] case without prejudice"

because new counsel might be willing to take the case in a different posture. Plaintiff appears to have filed this letter Ex Parte.

In light of Plaintiff's letter, the Court makes the following rulings and orders.

1. The October 24, 2011 hearing is rescheduled to **November 14, 2011, at 4:00 p.m.**. The Court does not anticipate a further delay in this hearing.

2. Plaintiff **shall** appear at the hearing. Plaintiff's present counsel is excused from the hearing, **provided** some evidence of a medical condition precluding counsel's attendance is provided in suitable form to the Court.

3, If successor (or possible successor) counsel appears at the hearing, the Court will entertain a reasonable request to adjust the current schedule in the case to accommodate new counsel. Accordingly, at the present time, the Court finds unpersuasive the suggestion to dismiss without prejudice.

4. The clerk shall docket the October 12, 2011 letter so that it is available to opposing counsel and appears in the record.

SO ORDERED.

    /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE