UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )  |   |
|---|---|---|
| CHEVONNE SIUPA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-10525-LTS |
| | ) | |
| ASTRA TECH, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON STATUS OF COUNSEL,
CONSENT, STAY, AND MOTION TO AMEND

January 18, 2013

SOROKIN, C.M.J.

This matter was before the Court on January 16, 2013, for a hearing regarding the status of the plaintiff's retention of new counsel, the parties' consent to conduct all proceedings before a Magistrate Judge, requests by the plaintiff and her former counsel for a stay of the proceedings, Doc. Nos. 109, 110, and the plaintiff's pending motion to amend her complaint, Doc. No. 107. This Order memorializes the resolution of the first three issues as discussed at the hearing, and disposes of the motion to amend based on the parties' briefs and the argument presented at the hearing as follows.

I.   Status of Counsel

On December 18, 2012, the Court entered an order revoking the pro hac vice admission of attorney Jeffrey Ryan, who had appeared in this matter as the plaintiff's counsel. The Court

stayed discovery until February 1, 2013, to permit the plaintiff time to retain new counsel. Doc. No. 106. In the weeks before the issuance of that Order, the plaintiff's original counsel and subsequent local counsel, Edward Karcis, filed sworn affidavits requesting permission to withdraw and stating he was unable, for medical reasons and due to a possible malpractice claim by the plaintiff, to act as lead counsel for the plaintiff. Doc. Nos. 89, 95. After the Court's Order disqualifying Mr. Ryan, however, Mr. Karcis ostensibly assumed the role of lead counsel by filing a motion to amend the complaint with supporting affidavits and exhibits, a motion for joinder, a motion for a hearing, and a reply brief with additional affidavits. See Doc. Nos. 107, 108, 110, 111, 117, 118. Consistent with his actions, Mr. Karcis confirmed at the recent hearing that he has resumed the role of lead counsel for the plaintiff, and the matters referred to in his previous affidavits no longer prevent him from serving as lead counsel. Accordingly, the Court finds that the issue of counsel is resolved: Mr. Karcis represents the plaintiff.

II.     Status of Consent

In April 2010, District Judge Wolf, who originally presided in this matter, ordered the parties to inform him whether they would consent to having their case heard by the undersigned Magistrate Judge. Doc. No. 4. More than forty-five days after the deadline for their response had passed, Judge Wolf found the parties' failure to respond constituted implicit consent, and ordered that the case be reassigned to the undersigned for "all purposes, pursuant to 28 U.S.C. § 636(c)(1) and (3)." Doc. No. 6. Neither party objected. Although no signed consent form was ever docketed in this matter, both parties have appeared before the undersigned and conducted themselves for the past thirty months in a manner consistent with having consented to jurisdiction pursuant to 28 U.S.C. § 636(c). Consistent with their conduct, counsel for both

parties confirmed on the record at the recent hearing that they have consented to proceed before the undersigned Magistrate Judge for all purposes, including trial.

III.     Stay

Because the issue of the plaintiff's counsel is now resolved, see discussion § I, supra, the stay of discovery entered in this Court's December 18, 2012 Order is hereby VACATED. However, the Court has granted Mr. Ryan's request, made through his counsel, for an opportunity to file papers requesting reconsideration, either in whole or in part, of the revocation of his pro hac vice admission and the other sanctions entered in the Court's December 18, 2012 Order.  That submission is due on January 30, 2013.  Accordingly, the motions to stay filed by both the plaintiff and her previous counsel (Doc. Nos. 109, 110) are ALLOWED in part.  All remaining depositions and the submission and briefing of any dispositive motions are hereby STAYED pending a further Order of this Court addressing Mr. Ryan's forthcoming submission. In all other regards, the motions to stay are DENIED.

IV.     Motion to Amend[1]

The plaintiff filed her original complaint in this action in the Middlesex County Superior Court nearly three years ago, in February 2010.  Doc. No. 1-1.  With the defendants' assent and the Court's permission, she amended her complaint in November 2011.  See Doc. Nos. 42, 43; Electronic Order dated 11/30/11.  The deadline for moving to amend the pleadings, as set forth in the Court's Rule 16 scheduling order, passed more than a year ago.  See Electronic Clerk's Notes dated 11/14/11.  Nonetheless, the plaintiff now requests permission to amend her complaint

---

[1] The plaintiff filed a separate request for a hearing on her motion to amend.  Doc. No. 111.  That request has been GRANTED, and the hearing occurred on January 16, 2013.

again. Doc. No. 107. For the reasons that follow, her motion is DENIED.

The proposed amendment makes three changes to the First Amended Complaint: 1) it adds Dentsply International, Inc. as a defendant; 2) it adds a new claim for "conspiracy to retaliate";[2] and 3) it adds a substantial amount of new factual allegations in support of the new and existing claims.[3] See Doc. No. 107 at 5-6. After careful consideration, the Court concludes that the plaintiff has not established good cause for making any of these proposed changes, at least two of which would be futile.[4]

The plaintiff's request to add Dentsply International, Inc. as a defendant in this case is grounded in her view that "Astra Tech, Inc. ceased to exist as a separate entity after the merger and acquisition by Dentsply International, Inc. of Astra Tech's parent company . . . in September of 2011." Doc. No. 107-2 at 10. As support, she cites a press interview of Astra Tech's

---

[2] The plaintiff also sought to add a second new count, for "negligent hiring, training, supervision, and retention." Doc. No. 107 at 5; Doc. No. 107-1 at 29-30. However, the plaintiff has withdrawn her request to add that claim. Doc. No. 117 at 1 n.2.

[3] The plaintiff describes this as two separate amendments: one to "add newly discovered facts supporting the counts for (a) sexual harassment/hostile work environment, (b) retaliation, and (c) intentional infliction of emotional distress," Doc. No. 107 at 5, and another to "make other minor changes and revisions to allegations contained in the first amended complaint to better state the alleged claims, or otherwise clarify, amplify, supplement, and augment the claims contained in the First Amended Complaint," id. at 6. However, the plaintiff has not articulated a meaningful difference between these two categories of changes, nor can the Court discern one.

[4] The plaintiff argues her motion should be allowed because leave to amend is liberally granted under Rule 15(a)(2). E.g., Doc. No. 117 at 3-4. However, the standard for amending a complaint after the deadline set in a Rule 16 scheduling order requires a showing of "good cause," and is no longer "freely given" as the plaintiff suggests. See Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) ("As the case progresses . . . the burden on a plaintiff seeking to amend a complaint becomes more exacting."). Moreover, it is well-settled that a motion to amend may be denied if the proposed amendments would be futile, as a matter of law. McCullen v. Coakley, 2013 WL 85928, at *13 (1st Cir. Jan. 9, 2013) (slip op.); see Demars v. Gen. Dynamics Corp., 779 F.2d 95, 99 (1st Cir. 1985).

president, and depositions of two Astra Tech employees in which they were asked about their understanding of the legal effect of the merger. Id. at 2-10. To the extent such sources suggest defendant Astra Tech no longer exists (and the excerpts provided are ambiguous, at best, on this point), they are plainly and definitively contradicted by public records filed with the Commonwealth of Massachusetts. See Doc. No. 113-2. Those records demonstrate that Astra Tech, Inc. has simply changed its name to Dentsply IH, Inc. Id.; see Doc. No. 113 at 9 (explaining Dentsply International is now the parent company of Astra Tech's parent company, and that Astra Tech remains a separate entity but operates under a new name). Accordingly, the plaintiff has not established a factual or legal basis for adding Dentsply International as a defendant in this action. She may, however, within seven (7) days of this Order and after conferral pursuant to Local Rule 7.1(a)(2), move to substitute Dentsply IH, Inc. for defendant Astra Tech, Inc. if she wishes her complaint to reflect the entity's current name.

Similarly, the plaintiff has not satisfied her burden of establishing good cause for adding a new claim to her complaint. As it is framed in her proposed amendment, the new cause of action for "conspiracy to retaliate" alleges that the two individual named defendants conspired with one another and with other Astra Tech employees "to retaliate against [the plaintiff]" for complaints she made about sexual harassment and a hostile work environment "in violation of [Mass. Gen. Laws] ch. 151B, §§ 4(4) and 4(4A)." Doc. No. 107-1 at 30. The plaintiff's motion to amend does not identify the legal basis for the claim.[5] See Doc. No. 107. On its face, the claim appears to be brought pursuant to state law, and to arise from the same conduct and implicate the same

---

[5] At the hearing on the motion, the plaintiff's counsel conceded the proposed conspiracy claim was tied to the existing retaliation claim, and candidly stated it was intended to act as a safety net in the event that the plaintiff could not establish the elements of retaliation.

5

substantive right at issue in the plaintiff's existing retaliation claim. See Doc. No. 107-1 at 27-28. Such a claim is barred by the exclusivity provision of Chapter 151B. Mass. Gen. Laws ch. 151B, § 9; see also Malloch v. Town of Hanover, 2011 WL 487787, at *9 (D. Mass. Feb. 7, 2011) ("Where a statute provides a specific remedy, an action under a more general provision of law . . . will not lie.").

In her reply brief, the plaintiff appears to suggest that the claim should be construed as one brought pursuant to 42 U.S.C. § 1985(3). See Doc. No. 117 at 9-10. However, neither the proposed second amended complaint nor the opening brief supporting the plaintiff's motion to amend invokes § 1985(3) or references a conspiracy undertaken "for the purpose of depriving" the plaintiff or others "of the equal protection of [federal] laws," as that statute requires. Even in her reply brief, the plaintiff simply block-quotes the statutory language without further argument or explanation. Id. As an initial matter, then, the Court is not required to consider whether to permit an amendment to the complaint to add a federal civil rights conspiracy claim. See, e.g., Noonan v. Wonderland Greyhound Park Realty LLC, 723 F. Supp. 2d 298, 349 (D. Mass. 2010) (finding arguments first raised in a reply brief waived, and observing the purpose of such a brief "is not to file new arguments that could have been raised in a supporting memorandum"). Even if the claim were properly before the Court in the plaintiff's motion to amend, it would fail on its merits as a matter of law. See Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 378 (1979) (holding "that § 1985(3) may not be invoked to redress violations of Title VII," in a case involving allegations of conspiracy to retaliate against an employee for complaining of workplace discrimination against women).

Finally, the factual allegations in the proposed second amended complaint expand

significantly on those contained in the First Amended Complaint.  <u>Compare</u> Doc. No. 107-1 (consisting of 31 pages and 79 paragraphs), <u>with</u> Doc. No. 43 (consisting of 11 pages and 49 paragraphs).  Not only do the new allegations add nearly twenty pages to the complaint, they include several paragraphs that each span a full page or more of text.  <u>See, e.g.</u>, Doc. No. 107-1 at ¶¶ 12, 20, 27, 28, 39, 40, 44, 49.  Paragraph 40 alone contains twenty-two sentences.  <u>Id.</u> at ¶ 40.  These new averments flagrantly disregard Rule 8's requirements that claims be presented in "short and plain" statements using "simple, concise, and direct" language.  Fed. R. Civ. P. 8(a), (d)(1).  Moreover, they contain detailed allegations of serious misconduct by individual employees of Astra Tech who have not been named as parties to this action.  Although such misconduct may ultimately be deemed relevant to the plaintiff's claims, and evidence thereof might thus be admissible in moving for or opposing summary judgment or at trial, it need not be incorporated into the plaintiff's complaint.[6]

      Accordingly, the Court will exercise its "considerable discretion" under Rule 12(f) and deny the plaintiff's request for permission to supplement the factual allegations in her complaint.  <u>See</u> <u>Alvarado-Morales v. Digital Equip. Corp.</u>, 843 F.2d 613, 618 (1st Cir. 1988).  Furthermore,

---

[6] The plaintiff's counsel essentially conceded this point at the hearing, admitting he would not have moved to amend only to add such factual allegations, but sought to add them in conjunction with the new legal claims he proposed.

      Of course, the absence of these new allegations from the complaint will not prevent the plaintiff from adducing evidence thereof at trial or summary judgment and "receiving a fair hearing on the merits of her claims," Doc. No. 107 at 1, as long as such evidence is relevant and admissible and has been disclosed to the defendants during discovery.

for the same reasons, the Clerk shall IMPOUND the proposed second amended complaint (Doc. No. 107-1).[7]

                                      SO ORDERED.

                                      /s / Leo T. Sorokin
                                      Chief U.S. Magistrate Judge

---

[7] Upon review of the docket, the Court notes that the plaintiff's previous counsel accidentally attached a copy of the same proposed second amended complaint as an exhibit to an unrelated surreply brief he filed in December. See Doc. No. 103-1. Counsel later corrected the filing and substituted a different exhibit in place of the proposed amendment. See Doc. No. 104. However, the original exhibit still appears publicly on the docket and, consistent with this Order, the Clerk shall impound it (Doc. No. 103-1) as well.