UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
CHEVONNE SIUPA,                       )
                                      )
            Plaintiff,                )
                                      )
v.                                    )        Civil Action No. 10-10525-LTS
                                      )
ASTRA TECH, INC., et al.,             )
                                      )
            Defendants.               )
_____)


ORDER ON REQUEST FOR RECONSIDERATION

February 5, 2013

SOROKIN, C.M.J.

       Following a January 16, 2013 status conference, counsel for the plaintiff's former

attorney, Jeffrey Ryan, renewed Mr. Ryan's previous request for reconsideration of the Court's

decision to revoke Mr. Ryan's admission to appear in this case pro hac vice.  Doc. No. 122.  For

the reasons that follow, Mr. Ryan's renewed motion to reconsider is DENIED.

I.     Background

       On October 24, 2012, approximately half an hour into the plaintiff's deposition, defense

counsel accused Mr. Ryan of passing a note to the plaintiff while she was answering a question.

Soon thereafter, the deposition was suspended so that the issue could be resolved by the Court at

a hearing already scheduled for that afternoon.  At the hearing, the Court first addressed the

various discovery conflicts that had led to the scheduling of the hearing in the first instance.

Then, the Court heard evidence and argument related to defense counsel's allegations regarding

Mr. Ryan's conduct during the plaintiff's deposition.  The details of that portion of the hearing

have been recounted in the Court's October 31, 2012 and December 18, 2012 Orders, and will

not be fully recited again here.  See Doc. No. 85 at 7-12; Doc. No. 106 at 1-3.  For present

purposes, it suffices to note that defense counsel moved for sanctions, including revocation of

Mr. Ryan's pro hac vice admission.  The Court declined to revoke at that time, but noted that

defense counsel might appropriately renew that request after the Court made findings regarding

Mr. Ryan's conduct based on the evidence adduced at the hearing.

One week later, in an October 31, 2012 Order, the Court found that Mr. Ryan had:

(i) improperly passed a note to his client during her deposition; (ii) falsely denied having done so

to defense counsel and the Court; and (iii) offered a falsified exhibit to the Court at the hearing.

The Court imposed discovery sanctions and concluded Mr. Ryan's misconduct was significant

enough to warrant consideration of whether he should be permitted to continue appearing in this

matter.  As such, the Court ordered Mr. Ryan to show cause why his pro hac vice admission

should not be revoked.  On December 18, 2012, after considering Mr. Ryan's voluminous show-

cause submission, the Court entered an order revoking his pro hac vice admission.

Mr. Ryan has now obtained his own counsel and objected to the December 18, 2012

Order.  Doc. No. 109.  During a January 16, 2013 status conference, Mr. Ryan's counsel

characterized his objection as a request for reconsideration and, at the Court's instruction,

subsequently filed a Memorandum expanding on the basis for the request.  Doc. No. 122.

II.    Discussion

Mr. Ryan requests reconsideration based on assertions of due process violations and

disproportionate sanctions.  Specifically, he suggests the October 24, 2012 hearing, insofar as it

related to defense counsel's motion for revocation of Mr. Ryan's pro hac vice status, was constitutionally deficient, as he was deprived of notice and an opportunity to prepare a defense. In addition, he faults the Court for relying on his earlier conduct related to amending the complaint. He also emphasizes the seriousness of disqualification, both to his client and to his own practice of law, and he requests a further hearing. After careful consideration, Mr. Ryan has not demonstrated that reconsideration is warranted.

First, Mr. Ryan's focus on the "impromptu" October 24, 2012 hearing on defense counsel's "unanticipated" motion for disqualification mischaracterizes the proceedings. See Doc. No. 122 at 2-4. Given what happened at the plaintiff's deposition, including defense counsel's very specific allegations and a series of arguments between the lawyers thereafter, the Court's exploration of the issue at the hearing was more than reasonably foreseeable.[1] Faced with defense counsel's allegations, the Court held a hearing to determine what exactly had occurred and what, if anything, should be done. Upon hearing the testimony and argument presented by both parties, and after taking time to review and consider the evidence, the Court found the court reporter's testimony credible and determined Mr. Ryan had engaged in misconduct worthy of sanctions. The Court further concluded that its findings were significant

---

[1]Indeed, Mr. Ryan apparently did anticipate some discussion of the note-passing allegation, as he procured and docketed a rough draft of that portion of the deposition transcript in advance of the hearing. Doc. No. 81. Moreover, defense counsel's request for sanctions, including disqualification, should have come as no surprise to Mr. Ryan. In the defendants' pre-hearing submission responding to discovery-related issues raised by the plaintiff in her original request for a hearing – filed before the plaintiff's deposition and the dispute that arose there – the defendants sought sanctions and twice accused Mr. Ryan of "abus[ing] the privilege of appearing pro hac vice." Doc. No. 79 at 1, 5 (also alleging he "show[ed] disrespect for the Court and its orders, . . . and engag[ed] in unprofessional behavior not usual in this district").

enough to warrant further consideration of whether disqualification was appropriate.[2]

The Court did not revoke Mr. Ryan's pro hac vice admission at that time. Instead, the Court issued an Order explaining how Mr. Ryan's previous conduct in the case impacted its assessment of the deposition events, detailing its factual findings, identifying potential ethical violations implicated by those findings, and permitting Mr. Ryan an opportunity to respond. When he responded, Mr. Ryan submitted a brief, his own affidavit, and other supporting documents primarily aimed at disagreeing with the Court's fact findings. He did not request a further hearing. See generally Doc. No. 96. The Court considered Mr. Ryan's submission and reviewed de novo the record from the evidentiary hearing, then concluded its initial findings were confirmed and entered an Order disqualifying Mr. Ryan. The process was undertaken with due regard for the seriousness of such proceedings, and Mr. Ryan was provided with notice and an opportunity to defend himself as due process requires.

Second, although Mr. Ryan's most recent Memorandum requests a hearing, it does not explain what such a hearing will accomplish. See Doc. No. 122 at 11 (summarily requesting a hearing "with the attendant due process procedures"). During the January 16, 2013 status conference, when Mr. Ryan's counsel orally requested a further hearing, the Court specifically instructed that the request be submitted in writing, with a description of what evidence would be adduced, who would be called to testify, and why the hearing would be meaningful.[3] Mr. Ryan's

---

[2]Although Mr. Ryan complains that the Court did not wait for defense counsel to file a written motion seeking disqualification, he does not – and could not – seriously contend that the Court lacked the power to raise this issue sua sponte.

[3]The Court has reviewed the audio tape of the January 16, 2013 status conference to confirm these instructions to counsel. Specifically, counsel was directed to submit "an outline of the kind of things that . . . would be useful to do and why it would be relevant to hear," and to

submission includes no such information.  Although, Mr. Ryan references "several courses of action" he could have taken "to enhance his position" at the October 24, 2012 hearing, Doc. No. 122 at 4, the examples he provides would not warrant a further hearing.  As the Court explained during the recent status conference, the size and layout of the room in which the deposition took place were sufficiently explored during the October 24, 2012 hearing.  The only remaining examples are assertions that Mr. Ryan "could have prepared both examination and/or cross-examination of the two witnesses," and that he "could have called other witnesses, including [defense counsel]." Id.  The Court is left to guess at what Mr. Ryan wishes to demonstrate – whether through the two witnesses who testified (and he examined) previously, or through any other witness – that is relevant to the issue of disqualification and has not been explored already (either during the October 24, 2012 hearing, or in Mr. Ryan's written show-cause submission).  Under these circumstances, no further hearing is required.

Third, in claiming he was misled about the Court's reliance on his lack of candor in connection with his previous amendment of the complaint, Mr. Ryan misconstrues the October 31, 2012 Order.  There, the Court included the events surrounding the amended complaint as "relevant conduct by Mr. Ryan," consideration of which was necessary to "fairly assess[]" the incident at the plaintiff's deposition.  Doc. No. 85 at 2.  After summarizing those prior events, the Court explained: "*At that time* [in July of 2012], based upon Mr. Ryan's statements . . . , the court *was 'satisfied that such conduct will not recur* . . . .'  Accordingly, the Court took no further action *at that time*." Id. at 3 (emphasis added).  Although the Court considered the matter

---

describe "what the hearing would be about and who would testify and why it would be a useful expenditure of time."

of the amended complaint resolved "at that time" (i.e., in July 2012), it became necessary to revisit it as part of the backdrop against which Mr. Ryan's later conduct was viewed once the Court found that "such conduct" did "recur." And, as evidenced by Mr. Ryan's show-cause submission itself, the Court's discussion of the amended complaint incident in its October 31, 2012 Order placed Mr. Ryan on notice that "this incident still was an issue." Doc. No. 122 at 7; see Doc. No. 96 at 10-12 (addressing the events surrounding the amending of the complaint).[4]

Finally, Mr. Ryan asserts that the "ramifications of a decision to revoke a pro hac vice admission are potentially huge," Doc. No. 122 at 9, but he has failed to specify the ramifications he, individually, anticipates.[5] The Court previously accounted for the seriousness of disqualification as a general matter. See Doc. No. 106 at 3 (engaging in de novo review after receiving the show-cause submission due to "the seriousness of the matter"); cf. id. at 8 (applying "clear and convincing" standard "[w]hether or not required"). Mr. Ryan has not shown any circumstances unique to him, this case, his practice of law, or the proportionality of the sanction

---

[4]Mr. Ryan also complains that the Court, in its December 18, 2012 Order, "recount[ed] and negatively analyze[d]" Mr. Ryan's show-cause submission. Doc. No. 122 at 7-8. The Court, however, did not find that the show-cause submission itself constituted misconduct. The arguments contained in the submission were simply addressed, and rejected, in turn in the Court's explanation of its decision.

[5]Mr. Ryan has not specified how often he seeks pro hac vice admission in jurisdictions outside California, nor has he listed the jurisdictions in which he is or has been admitted pro hac vice, or identified cases in which he anticipates seeking pro hac vice admission in the near future. He also has offered no evidence regarding the nature of any prejudice to the plaintiff, who has secured replacement counsel already. See Doc. No. 120 at 1-2. Furthermore, some of Mr. Ryan's recommendations ask only that the portion of the Court's previous order disqualifying Mr. Ryan be vacated, leaving the fact findings and the other sanctions in place. Doc. No. 122 at 11. He has not explained how such a result would avoid the ramifications he has generally identified. See, e.g., id. at 9 (noting some jurisdictions ask pro hac vice applicants whether they have ever been "sanctioned by any court in a written order" for disobeying court rules or orders).

that justify reconsideration.[6]

III.    Conclusion

Accordingly, Mr. Ryan's request for reconsideration is DENIED.

SO ORDERED.


            /s / Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

[6]Although the Court does not rely on it here, it is worth noting that there may be reason to believe the actual impact of disqualification on Mr. Ryan will be less severe than one might imagine.  See Doc. No. 72 at 11-12 (during September 10, 2012 status conference, Mr. Ryan referenced a large settlement he secured for another client and noted he planned to retire sometime "next year" after the conclusion of a case with "calculated damages of $300 million").